IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FORZA TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| PREMIER RESEARCH LABS, LP and | ) | **JURY TRIAL DEMANDED** |
| ROBERT J. MARSHALL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

This is a complaint for breach of contract and fraud. Plaintiff Forza Technologies, LLC ("Forza") complains of defendants Premier Research Labs, LP ("Premier") and Robert J. Marshall ("Marshall") as follows:

1. Forza Technologies, LLC is a Wisconsin limited liability company with its sole offices in Palatine, Illinois.

2. Forza has designed, developed and formulated proprietary nutritional supplements for use by athletes, in particular, high school and collegiate wrestlers. One of Forza's principals, Lee Kemp, is an internationally known former collegiate wrestler from the University of Wisconsin who won three NCAA Wrestling Championships and three World Championships. He is also a former Olympic wrestling coach and is well-known and highly respected throughout the wrestling community. Forza is the exclusive supplier of nutritional products for USA Wrestling which is the national governing body for the U.S. Olympic Committee.

3. Kemp, together with another principal of Forza and a licensed physician, formulated Forza's proprietary nutritional products for use to rehydrate athletes after workouts, improve their strength and conditioning before competition and address the intense physical

1

training demands placed upon competitive athletes. Attached as Exhibit A is a description of Forza's products.

4. Wrestlers, in particular, routinely reduce their food and water/electrolyte intake during training to compete at a desired weight. This can cause dehydration and make it difficult for an athlete to get proper daily nutrient and electrolyte intake from food and water alone. Hence, the need for nutritional supplements, like those created by Forza.

5. Premier is a Texas limited partnership located at 3500 Wadley Place, Bldg. B in Austin, Texas 78728. Premier is in the business of making and selling nutritional products, including nutraceutical formulations, concentrates, and nutrition and dietary related supplements. Premier agreed to make supplements specified by Forza and to package, label and ship them to Forza's customers. Premier does and continues to do substantial business in Illinois and in this Judicial District.

6. Upon information and belief, Premier is composed of: general partner, Texas Supplements, LLC, a Texas Limited Liability Company; limited partner, HWO A Trust, a Texas Trust; and limited partner, Marshall. Also upon information and belief, Texas Supplements, LLC has a location in Round Rock, Texas and its active officers include Marshall and Matt Storey, both of Texas. Accordingly, upon information and belief, all partners of Premier are located in the State of Texas.

7. Marshall is an individual who resides in Austin, Texas and is the founder, President and Chief Executive Officer of Premier. Marshall personally directed and approved the actions of Premier set forth herein and, like Premier, does business in this Judicial District.

8. Marshall insists on being called Dr. Marshall, even though he has no education or degree in medicine and is not a medical doctor or physician. He advertises that he received a

PhD from Columbia Pacific University in 1978. However, that school was only founded in 1978, was unaccredited, and was closed by California court-order in 2000; Columbia Pacific simply sold so-called degrees to anyone who wanted one. The Texas Higher Education Coordinating Board publishes a list of "Institutions Whose Degrees are Illegal to Use in Texas." (Exhibit B). According to that list, the Texas Penal Code (Section 32.52) prohibits the use of fraudulent or substandard degrees "in written or oral advertisement or other promotion of a business." Violation of this law is a Class B misdemeanor. Forza was not made aware of any of these facts by Marshall or Premier.

9. Forza contracted with Premier and Marshall to supply Forza with Forza's proprietary products and Premier and Marshall represented that Premier had the equipment, technology, ability and experience needed to do so. Premier's representations were false, and were known to Premier and Marshall and other officers of Premier to be false, at the time they were made. In reliance on Premier's and Marshall's representations, Forza disclosed its confidential and proprietary formulations to Premier between July and November 2011. Premier and Marshall represented that they would supply products to Forza no later than December 31, 2011, another representation that was false.

10. Marshall represented that Premier was previously a private-label supplier. That, too, was false. Marshall represented that he had spent $800,000 to purchase packaging equipment from Germany to make Forza's products 100% in-house and that this equipment would be available for use by December 2011. That was false. Marshall further represented he had all the raw materials necessary to make Forza's products and that his operation was "turn-key," meaning that Premier could perform manufacturing, packaging and shipment. That was false. Marshall also represented that he could label all of Forza's products. That was false.

11. Critically, Premier was told by Forza and, thus, knew that Forza's products were intended for use by athletes who would be tested for improper performance enhancing substances, including DHEA. Premier also knew that Forza's products had to be uncontaminated by even trace amounts of banned substances. Premier, nonetheless, included trace amounts of DHEA in at least one of the Forza products, knowing it was a banned substance and could adversely impact Forza's reputation and ability to sell its products. Premier's own test results showed this.

12. Some of the products supplied by Premier were not in accord with Forza's specifications; others were mislabeled and/or supplied with labels that had inaccurate information.

## COUNT I
## BREACH OF CONTRACT

13. Forza had an agreement with Premier that required Premier to manufacture and supply certain nutritional products on a timely basis and for Forza to pay for such products. Forza fully performed its obligations making a 50% down-payment of $150,000 in November 2011 and a total payment of $350,000 by April 2012.

14. Marshall demanded payment in full before anything would be shipped by Premier, essentially holding Forza hostage to his demands. Then, after full payment was made, Forza discovered that its products were not even manufactured, much less available for immediate sale.

15. Premier breached its agreement with Forza by failing to timely supply the nutritional products specified by Forza and by failing to supply, package and label any products (including those products that Premier had manufactured that were not in compliance with Forza's specifications) during the 2011-2012 high school and collegiate wrestling seasons.

Premier also made at least one product that had trace amounts of a banned substance, DHEA, knowing that fact alone could greatly damage Forza's reputation.

16. Forza has been injured by Premier's breach in that it missed the opportunity to launch its nutritional products both in an Olympic year and during the 2011-2012 wrestling season and, as a consequence, was unable to introduce and sell its products when the greatest demand for such products existed.

17. Further, Forza was damaged by the loss of business and its reputation in that its products have been viewed by some as tainted and contaminated with banned substances. These damages exceed $75,000 in an amount to be demonstrated with greater specificity at trial.

## COUNT II
## FRAUD

18. Plaintiff incorporates paragraphs 1 through 17 as though fully set forth herein.

19. Premier and Marshall made repeated and material false statements to Forza including those set forth in paragraphs 9 through 12 above.

20. Premier and Marshall knew such statements were false at the time they were made.

21. Premier and Marshall intended that their false statements would induce Forza to hire Premier as a supplier and to pay Premier more than $350,000 to manufacture and supply nutritional supplements for Forza.

22. Forza relied on the false representations and has been injured in that it has lost business, the opportunity to do business, and its standing and reputation. These damages exceed $75,000 in an amount to be demonstrated with greater specificity at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Forza requests that judgment be entered in its favor, and against defendants Premier and Marshall, individually and together, for:

(1) compensatory damages for breach of contract and for fraud in an amount exceeding $75,000 to be determined at trial;

(2) exemplary damages for fraud;

(3) pre- and post-judgment interest;

(4) injunctive relief; and

(5) all costs of suit and attorneys' fees, as well as any other relief the Court may deem just and proper.

**JURY DEMAND**

Forza hereby requests a trial by jury.

FORZA TECHNOLOGIES, LLC,

/s/ Raymond P. Niro
Raymond P. Niro
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
Tel: (312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
gopatken@nshn.com