**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FORZA TECHNOLOGIES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIER RESEARCH LABS, LP, | ) | |
| Defendant and | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12 CV 7905 |
| FORZA TECHNOLOGIES, LLC, | ) | |
| LEE KEMP, and MIA SCHEID, | ) | Honorable Joan B. Gottschall |
| Counterclaim Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MIA SCHEID, | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIER RESEARCH LABS, LP, | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROBERT J. MARSHALL, | ) | |
| Third-party Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Forza Technologies, LLC ("Forza") initiated this action by suing Premier Research Labs, LP ("Premier") for breach of contract and fraud, in violation of state law. Forza alleged that Premier agreed to supply Forza with nutritional products, but that Premier did not meet deadlines and supplied products that failed to meet Forza's specifications. Premier filed a counterclaim against Forza, naming Mia Scheid, a member of Forza, as an additional counterclaim defendant.

Scheid then filed a counterclaim of her own against Premier and a third-party claim against Premier's founder and limited partner Robert Marshall. Premier and Marshall now move to dismiss Scheid's counterclaim and third-party claim pursuant to Federal Rules of Civil Procedure 12(b)(6), 17(a), and 19(a). The court concludes that, pursuant to Rule 17(a), Scheid is not the real party in interest with respect to the counterclaim and third-party claim. The real party in interest is her limited liability company, Fitness Arts, LLC. The motion to dismiss the claims against Marshall pursuant to Rule 12(b)(6) is denied.

## I. FACTS

For purposes of the motion to dismiss, the court accepts the facts alleged by Scheid as true. Scheid owns and operates Fitness Arts, LLC. Scheid is an approved practitioner authorized to sell nutritional supplements made by Premier. She has worked with Marshall for over twelve years and has become a leading seller of Premier's products.

Scheid claims that Marshall retaliated against her for Forza's lawsuit against Premier by attempting to damage her and Fitness Arts' business. Marshall hosts a radio program called "HealthLine." On April 4, 2013, Marshall falsely represented on his radio program that Scheid was no longer in the business of selling nutritional supplements and attempted to divert sales of supplements from her to other practitioners. Marshall told a caller to the radio program:

| | |
|---|---|
| Marshall: | "If you're in Indiana, we have people in Indiana who know…" |
| Caller: | "I saw Mia, Mia Scheid . . ." |
| Marshall: | "Oh yeah? I don't know if she's [selling supplements] anymore, but there are plenty of people who are." |
| Caller: | "Oh okay, I'm borderline Chicago." |
| Marshall: | "There are a number of other people there, you might call the order line and get the name of someone else." |

(Countercl. and Third-Party Claim ¶ 6, ECF No. 44.)  Marshall's statements were false because, at the time, Scheid was purchasing thousands of dollars of Premier's products each month for sale to her clients.  Marshall also directed Premier to eliminate a discount Premier had provided to Fitness Arts and Scheid in order to drive Scheid and Fitness Arts out of business.

Count I of the counterclaim and third-party claim alleges tortious interference with business relationships, based on Marshall's purposeful interference with Scheid's reasonable expectation to enter into and maintain business relationships with people seeking services provided by Scheid and Fitness Arts.  Count II alleges unfair competition, based on Marshall and Premier's efforts to disparage Scheid and Fitness Arts and to drive them out of business.

## II. LEGAL STANDARDS

Premier and Marshall have moved to dismiss the counterclaim and third-party claim pursuant to Federal Rules of Civil Procedure 12(b)(6), 17(a), and 19(a).  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").  For purposes of the motion to dismiss, the court takes all facts alleged by the claimant as true and draws all reasonable inferences from those facts in the claimant's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth.  *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Rule 17(a) "is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who, according to the governing substantive law, is entitled to enforce the right." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (internal quotation marks omitted). This is not necessarily the party who will ultimately benefit from the recovery. *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990). The purpose of the "rule is to protect the defendant against a subsequent action by the party actually entitled to recover." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010). The Federal Rules do not set out a specific procedure for raising a Rule 17(a) objection, but courts have noted that it should be made in a timely manner, such as in an answer or responsive pleading. *See, e.g.*, *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009) (citing 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1554 (2d ed.1990)). This requirement ensures that the correct party may, if necessary, assume the role of the plaintiff. *RK Co.*, 622 F.3d at 850.

Pursuant to Rule 12(b)(7), a party may seek dismissal of a complaint based on the failure to join a necessary party as required by Rule 19. Fed. R. Civ. P. 12(b)(7). A party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). For purposes of a Rule 12(b)(7) motion, the court accepts the allegations in the complaint as true but may consider extrinsic evidence beyond the pleadings.

*Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001). The movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. *NanoeXa Corp. v. Univ. of Chi.*, No. 10 C 7177, 2011 WL 4729797, at *1 (N.D. Ill. Apr. 13, 2011).

## III. ANALYSIS

### A.  Real Party in Interest

Premier argues that Scheid's tortious interference and unfair competition claims should be dismissed pursuant to Rule 17(a) because the claims actually belong to Fitness Arts. As stated above, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Premier contends that the harms alleged by Scheid affected Scheid only indirectly, in her capacity as owner and member of Fitness Arts. Thus, it contends, Fitness Arts is the real party in interest with respect to Scheid's claims.

Whether a claimant is the real party in interest is determined by the controlling substantive law. *Rawoof*, 521 F.3d at 756. A federal court exercising diversity jurisdiction must apply substantive state law—here, Illinois law governs both counts of Scheid's counterclaim and third-party claim. Under Illinois law, the elements of a claim of tortious interference with a prospective business expectancy are "'(1) [the plaintiff's] reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.'" *Botvinick v. Rush Univ. Med. Ctr.*, 574 F.3d 414, 417 (7th Cir. 2009) (alteration in original) (quoting *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991)). The

common-law tort of unfair competition has been codified by Illinois' Deceptive Trade Practices

Act, which provides in relevant part:

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:
>
> . . .
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;
>
> . . .
>
> (8) disparages the goods, services, or business of another by false or misleading representation of fact;
>
> . . .
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.
>
> (b) In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.

815 Ill. Comp. Stat. 510/2.

The court agrees with the defendants that the real party in interest in both of Scheid's

claims is Fitness Arts. Scheid alleges that she owns and operates Fitness Arts. (Countercl. and

Third-Party Claim ¶ 1.) She purchased Premier's products "through Fitness Arts." (*Id.* at ¶ 6.)

She had established business relationships with customers, both "individually and through her

company, Fitness Arts." (*Id.* at ¶ 2.) She had "a reasonable expectation of maintaining and

expanding her business relationships with her customers and an expectation to do so through

Fitness Arts." (*Id.* at ¶ 3.) Scheid alleges that Marshall and Premier attempted to drive her and

Fitness Arts out of business. She alleges that "[Premier] and Scheid, *through* Fitness Arts,

directly compete for the retail sale of [Premier] products" (*id.* at ¶ 18 (emphasis added)), and that

"[Premier] and Fitness Arts and, *thus*, Scheid, directly compete with each other" (*id.* at ¶ 19

(emphasis added)).

6

In sum, Scheid claims that she sold Premier's products through Fitness Arts, not solely on her own behalf. The facts alleged in the complaint suggest that her customer and business relationships were used to sell products through her company. The Seventh Circuit has explained that, although a person with an interest in a company, such as a shareholder, may suffer from an injury to the company, that injury is "derivative;" the shareholder "cannot maintain an action in his own name." *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993). To allow the indirectly injured to sue in their own names would enable "double counting," as the firm also suffered an injury. *Id.* "Because divvying up the loss would require a Herculean effort, [the court must] simply allow the firm to recover." *Id.* Conversely, a member of an LLC also enjoys protections from suit. Under Illinois law, the LLC form protects a member or manager from personal liability for the debts and liabilities of the LLC. *Puleo v. Topel*, 856 N.E.2d 1152, 1158 (Ill. App. Ct. 2006) (citing 805 Ill. Comp. Stat. 180/10-10).

Scheid points out that her claims allege that Marshall stated on his radio program that Scheid *herself* was no longer selling nutritional supplements. But although Marshall targeted Scheid with his comments, the harm alleged was to the entity that actually sold the products, Fitness Arts, and the harm to Scheid was suffered indirectly as a result of Fitness Arts' lost sales. Thus, Fitness Arts is the real party in interest as to the tortious interference and unfair competition claims.

The remedy for the Rule 17(a) problem is not the immediate dismissal of Scheid's claims. While the real party in interest must prosecute an action, Rule 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3); *RK Co.*, 622 F.3d at 850. Thus, the only consequence of the court's holding that Fitness Arts is the real party in interest is that Fitness Arts must ratify Scheid's claims or be joined or substituted as the claimant. *See RK Co.*, 622 F.3d at 851. The court will follow Rule 17(a)(3) and give Fitness Arts, LLC fourteen days to ratify, join, or be substituted in the current action. If it fails to do so, the Court will dismiss the counterclaim and third-party claim with prejudice.

Given the court's conclusion with respect to the Rule 17(a) objection, the court need not address the defendants' argument that Fitness Arts is a necessary party pursuant to Rule 19(a)(1).

### B. Rule 12(b)(6) Motion to Dismiss the Claims against Marshall

Marshall argues that Counts I and II fail to state a claim against him and should be dismissed pursuant to Rule 12(b)(6). Marshall claims that he cannot be held liable for actions taken in his role as a limited partner of Premier and as the manager of Premier's general partner.

On April 12, 2013, the court dismissed Forza's breach of contract and fraud claims against Marshall in his personal capacity. *Forza Techs., LLC v. Premier Res. Labs, LP*, No. 12 CV 7905, 2013 WL 1626313 (N.D. Ill. Apr. 12, 2013). The court held that, under the Texas Business Organizations Code, Marshall could not be held personally liable for the contractual obligations and liabilities of Premier based solely on his role as a limited partner of Premier, which is a Texas limited partnership. This was true despite the fact that he effectively controlled Premier and acted as its sole proprietor. Under Texas law, personal liability of an LLC member-manager is possible only when the LLC was used for the purpose of perpetrating a fraud on the plaintiff, for the direct personal benefit of the member-manager of the LLC. *Id.* at *8-9.

Marshall argues that with respect to Scheid's claims, similarly, he cannot be held personally liable for actions taken in his role as a limited partner of Premier. But Scheid does

not claim that Marshall should be held accountable for the liabilities and conduct of Premier. Rather, she claims that Marshall injured her by making false statements about her and Fitness Arts while hosting a radio program. Forza's complaint alleged that *Premier* committed breach of contract and fraud during its dealings with Forza and sought to hold Marshall accountable for that conduct, but Scheid claims that Marshall should be held accountable for his *own* conduct.

Construing the allegations in the counterclaim and third-party claim in Scheid's favor for purposes of the motion to dismiss, even though Marshall used his radio program to advertise Premier's products, the program was operated independently of his role as a limited partner of Premier. Thus, the protections afforded to a limited partner of a Texas limited partnership offer no protection to Marshall against Scheid's claims. The court denies the motion to dismiss Scheid's claims against Marshall.

## IV. CONCLUSION

The defendants' motion to dismiss Scheid's counterclaim and third-party claim is granted in part and denied in part. Under Federal Rule of Civil Procedure 17(a), Scheid is not the real party in interest with respect to the counterclaim and third-party claim. The real party in interest is her company, Fitness Arts, LLC. Pursuant to Rule 17(a)(3), Fitness Arts may ratify, join, or be substituted in the current action by December 20, 2013. If it fails to do so, the court will dismiss the counterclaim and third-party claim with prejudice. The motion to dismiss the claims against Marshall pursuant to Rule 12(b)(6) is denied.

ENTER:

_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge

DATED: December 5, 2013

9