IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LK NUTRITION, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>PREMIER RESEARCH LABS, LP,<br><br>            Defendant and Counterclaimant,<br><br>v.<br><br>LK NUTRITION, LLC,<br>LEE KEMP and MIA SCHEID,<br><br>            Counterclaim-Defendants,<br>────────────────────────────<br><br>MIA SCHEID,<br><br>            Counterclaimant,<br><br>v.<br><br>PREMIER RESEARCH LABS, LP,<br><br>            Counterclaim-Defendant,<br><br>and<br><br>ROBERT J. MARSHALL,<br><br>            Third-party Defendant. | Civil Action No. 12-cv-07905<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF EXPERT DEPOSITION FEES**

Plaintiff LK Nutrition, LLC ("LK Nutrition"), pursuant to Fed. R. Civ. P. 26(b)(4)(E)(i), respectfully moves the Court for an order compelling Defendant Premier Research Labs, LP ("PRL") to pay the fees billed by LK Nutrition's two expert witnesses for their depositions taken by PRL.

Rule 26(b)(4)(E)(i) requires that PRL pay LK Nutrition's experts "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)," where PRL took post-report depositions under subsection (A). There is no dispute that this provision requires PRL to pay fees to the experts. However, PRL has objected to paying the two experts for their time spent preparing for PRL's depositions, and has objected to the damages expert's hourly rate. Counsel for LK Nutrition and PRL conferred by phone to discuss the objections and the substance of this motion on June 8, 2015. The parties were unable to reach full resolution, so this motion addresses the disputed issues.

As shown below, each expert billed for reasonable time actually required to respond to PRL's discovery, which PRL must pay under the governing rule. Each expert's fees included fewer than 4 hours of preparation time, immediately before a day-long deposition. There is no basis to conclude that the experts should not have prepared for their depositions. The rates charged were those disclosed in the reports and paid by LK Nutrition. One expert also traveled to Chicago, and billed travel expenses, thereby saving the travel costs for PRL attorneys who were able to take the deposition in their own office.

## FACTS

On March 20, 2015, LK Nutrition served the reports of two expert witnesses, Gregory Sam and Paul Duggan. Mr. Sam's report is 23 pages with exhibits, addressing his opinions about PRL's manufacturing of nutritional supplements for LK Nutrition and contamination of the product with a banned substance, DHEA. Mr. Duggan's report is 45 pages with exhibits, and addresses LK Nutrition's damages in this case, including direct losses and lost profits.

PRL requested depositions, deposed Mr. Sam on April 10, 2015, and deposed Mr. Duggan on April 17, 2015.

Each expert submitted an invoice for deposition fees. Mr. Sam's invoice is Exhibit 1 and Mr. Duggan's invoice is Exhibit 2. LK Nutrition sent the invoices to PRL on May 7, 2015, requesting payment under Rule 26(b)(4)(E). No payment has been made to date.

Mr. Sam's invoice is for $5,781.28. (Ex. 1). The deposition transcript reflects that PRL, represented by three attorneys, deposed Mr. Sam from 10 a.m. to 4:45 p.m. on April 10. (Exhibit 3, Sam Dep. pp. 1-3, 208). Mr. Sam's invoice includes $3,150 (7 hours times $450) for the deposition time on the 10th. He also billed $1,575 (3.5 hours times $450) for preparation time on the 9th. The remainder, $1,056.28, is Mr. Sam's documented travel expenses from Philadelphia to Chicago.

Mr. Duggan's invoice is for $6,000 (12 hours times $500), listed on the invoice as covering preparation, attendance and review of the transcript. (Ex. 2). The deposition transcript reflects that PRL, again represented by three attorneys, deposed Mr. Duggan from 10:12 a.m. to 5:53 p.m. on April 17. (Exhibit 4, Duggan Dep. pp. 1-2, 6, 257). Thus, eight of the twelve billed hours were spent at the deposition. Mr. Duggan testified that he spent time preparing the day before, by rereading his report and a supporting business plan that he relied on. He also spent half an hour meeting with counsel on the morning of the 17th. (Ex. 4, Duggan Dep. pp. 49-51). He also reviewed the transcript after the deposition, having reserved signature at the deposition. (Ex. 4, Duggan Dep. p. 257).

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(4)(E)(i) controls, and it provides:

(E) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D);

The referenced Rule 26(b)(4)(A) permits a party to depose an expert whose opinions may be presented at trial, after a report is tendered.

Rule 26(b)(4)(E)(i) should be applied to require payment for the experts' preparation time that related only to PRL's depositions. The Seventh Circuit has not decided a case on point, but in this district, the Rule has been interpreted to include experts' reasonable fees for deposition preparation as well as deposition attendance. *Collins v. Village of Woodridge*, No. 95 C 6097, 1999 WL 966455 at *2 (N.D. Ill. Oct. 19, 1999); *Catapult Comm'cns Corp. v. Foster*, No. 06 C 6112, 2010 WL 659075 at *2 (N.D. Ill. Feb. 19, 2010).

In *Collins*, the defendants conceded that former Rule 26(b)(4)(C)(i) (now (E)(i)) allows fees for preparation time, but argued it was unreasonable in that case. 1999 WL 966455 at *2. Notwithstanding the concession, the court analyzed the authorities on the issue of deposition preparation time, and decided that "the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert." *Id.* at *3. The analysis and the conclusion are well-reasoned, and should be followed here. By its terms, the Rule requires payment of fees "for time spent responding to discovery." It does not limit the fees to time spent at a deposition, even though it could have been written that way. *Id.* The decision also notes that allowing preparation time is consistent with Rule 26's 1993 amendments, which required an expert report (paid by the tendering party), but still allowed depositions (paid by the taking party). One purpose of the report requirement is to reduce the need for depositions, making it fair to require the party that insists on deposing an expert to bear the full cost of attendance and preparation. *Id.*

The *Collins* court also considered the reasonableness of the experts' preparation times, capping them at one and one-half times the length of the depositions. *Id.* at *4. Here, the preparation times are half the deposition times.

*Collins* was followed in *Catapult*, which similarly read "time spent in responding to discovery" to include time the expert spent preparing for deposition. 2010 WL 659075 at *2. *Catapult* granted reimbursement of one expert's 5.8 hours of preparation for a 2-hour deposition, and another expert's 15 hours of preparation. *Id.* at *3-4.

PRL has cited, as contrary authority, *SP Tech., LLC v. Garmin Int'l, Inc.*, No. 08 C 3248, 2014 WL 300987 at *8 (N.D. Ill. Jan. 10, 2014). *SP Technologies* does not analyze the legal issue, but refers to a "general rule" and cites *Royal Maccabees Life Inc. Co. v. Malachinski*, No. 96 C 6135, 2000 WL 1377111 at *5 (N.D. Ill. Sept. 25, 2000). As shown by the cases cited above, there is no "general rule" against fees for expert preparation time under Rule 26(b)(4). Further, *SP Technologies* denied preparation time because the requesting party did not provide enough information supporting reasonableness, not because the law precluded it. 2014 WL 300987 at *8.

Here, the Court should require PRL to pay the limited hours billed by the experts for deposition preparation time, in addition to the rest of the invoices. The time billed for preparation is reasonable. Each expert was deposed for a full day about an extensive expert report. The preparation time was only half that. There can be no argument that preparation time was needed for any reason other than responding to PRL's deposition request. The subject matter was complicated enough to require three PRL attorneys at the depositions. While the depositions were relatively soon after the reports, that fact is already reflected in the modest amount of preparation time required. At the same time, PRL benefitted from witnesses who refreshed their familiarity with their reports right before the actual deposition, not weeks earlier when the reports were completed. Again, extensive study was not billed to PRL. Under these facts, the preparation time should be allowed in full. *See Collins*, 1999 WL 966455 at *4 (ratio of one and one-half times the length of the deposition was reasonable, while three times was not,

where defendants did not limit the scope of deposition but also did not delay after receiving the report).

PRL also has objected to Mr. Duggan's hourly rate of $500. However, that is the same rate disclosed in his report, and the same rate paid by LK Nutrition for the report. Mr. Duggan did not charge a different rate to PRL, nor did he charge a heightened rate for testimony. The market rate that Mr. Duggan receives for his services should not be second-guessed by PRL under the guise of reasonableness. *Cf. Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (affirming contractual award of attorney fees at market rate paid by successful plaintiff; noting "the best guarantee of reasonableness is willingness to pay").

## CONCLUSION

LK Nutrition respectfully requests that the Court order PRL to pay in full the deposition invoices submitted by Mr. Sam and Mr. Duggan.

Respectfully submitted,

*/s/Olivia T. Luk*
Raymond P. Niro (rniro@nshn.com)
Paul K. Vickrey (vickrey@nshn.com)
Olivia T. Luk (oluk@nshn.com)
Christopher W. Niro (cniro@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax:    (312) 236-3137

*Attorneys for LK Nutrition, LLC, Mia Scheid and Lee Kemp*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 10, 2015 the foregoing

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF EXPERT DEPOSITION FEES**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing to the following counsel of record.

> Rakesh M. Amin
> Ryan M. Kaiser
> Saira J. Alikhan
> Jonathan J. Krit
> AMIN TALATI, LLC
> 55 West Monroe Street, Suite 3400
> Chicago, Illinois 60603
> ryan@amintalati.com
> rakesh@amintalati.com
> saira@amintalati.com
> jonathan@amintalati.com
> (312) 327-3328
> Fax:    (312) 884-7352
>
> *Attorneys for Premier Research Labs,*
> *and Robert J. Marshall*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

> */s/Olivia T. Luk*
> *One of the Attorneys for Attorneys for LK Nutrition,*
> *LLC, Mia Scheid and Lee Kemp*
> NIRO, HALLER & NIRO