# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LK NUTRITION, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cv-07905 |
| ) | |
| v. ) | Hon. Joan B. Gottschall |
| ) | |
| PREMIER RESEARCH LABS, LP ) | Hon. Young B. Kim |
| ) | |
| Defendant and ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LK NUTRITION, LLC, ) | |
| LEE KEMP and MIA SCHEID ) | |
| ) | |
| Counterclaim Defendants. ) | |
| ) | |
| ------------------------------------------------------------- ) | |
| ) | |
| MIA SCHEID and FITNESS ARTS, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| PREMIER RESEARCH LABS, LP ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ROBERT J. MARSHALL ) | |
| ) | |
| Third-party Defendant. ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendant Premier Research Labs, LP ("PRL") and Third-Party Defendant Robert J. Marshall ("Marshall") by their counsel and pursuant to Fed. R. Civ. P. 56, move this Court for summary judgment, and in support of said motion, state as follows:

1. Plaintiff filed this suit on October 10, 2012, and amended its Complaint on November 6th, 2012 against PRL.

2. Counterclaimants Mia Scheid and Fitness Arts filed their claims as against Marshall on May 21, 2013.

3. As more fully set forth in Defendants' Local Rule 56.1(a)(1)(2) and (3) Materials, Statement(s) and Memorandum in Support of Motion for Summary Judgment, which are incorporated herein, Defendants are entitled to summary judgment because:

   A. As to Forza's Count I: There is no genuine issue of fact that the alleged written contract which forms the basis for Forza's breach of contract claim does not contain any term requiring the products to be 100% free from contamination, regardless of how minute. 100% purity was not a term of the alleged contract.

   B. As to Forza's Count I: There is no genuine issue of fact that the presence of trace amounts of DHEA contained in the Force product did not render the Force product, or any other of the four products, non-conforming. The presence of trace amounts of DHEA was not a breach of the alleged contract.

   C. As to Forza's Count I: There is no genuine issue of fact that Plaintiff accepted and sold the products with knowledge of the alleged non-conformities, and therefore cannot revoke their acceptance of those goods.

   D. As for Forza's Count I: There is no genuine issue of fact that Plaintiff's May 2013 attempted revocation of acceptance of the Products was untimely as a matter of law because there was a substantial change in the condition of the goods which was not caused by the alleged defects (*i.e.* the products are perishable).

   E. As to Forza's Count I: Plaintiff cannot recover for breach of warranty because Plaintiff's claim is for Breach of Contract, and there is no pleaded claim for Breach of Warranty.

   F. As to Scheid's Count I: Because Scheid ratified the claims filed by Fitness Arts, both Fitness Arts and Scheid will be collectively referred to hereafter as Scheid. There are no genuine issues of fact that Marshall did not knowingly interfere with any reasonable

expectancy of a business relationship and there is no evidence in the record of any misleading or disparaging statements by Marshall.

G.  As to Scheid's Count II: There is no genuine issue of fact that Marshall did not misrepresent Scheid's status as an active practitioner, and there is nothing "derogatory" about Marshall's statement, "I don't know if she's doing QRA anymore."

H.  As to Scheid Count II: Scheid cannot recover for Marshall's discontinuation of a product discount or his cessation of sending referral business to Scheid because those sound in contract, not deceptive trade practices. Because Scheid has not pled breach of contract, she is foreclosed from recovery on that theory.

I.  As to Scheid Counts I and II: There is no evidence in the record that Scheid suffered any harm as a result of anything PRL or Marshall have done.

Wherefore, for the reasons set forth above and in the accompanying Memorandum in Support of Motion for Summary Judgment, Defendants request that this Court enter judgment in their favor.


Date:   November 4, 2015

/s/ Ryan M. Kaiser_____
Rakesh M. Amin
Ryan M. Kaiser
Jonathan J. Krit
AMIN TALATI & UPADHYE, LLC
55 W. Monroe St., Suite 3400
Chicago, Illinois 60603
Telephone: (312) 784-1065
E-mail: rakesh@amintalati.com
E-mail: ryan@amintalati.com
E-mail: jonathan@amintalati.com


Attorneys for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 4th day of November 2015, I caused a true and correct copy of the foregoing document to be served on the following parties via the Court's ECF system and electronic mail:

                  Raymond P. Niro (rniro@nshn.com)
                  Olivia T. Luk (oluk@nshn.com)
                  Paul Vickrey (vickrey@nshn.com)
                  NIRO, HALLER & NIRO
                  181 W. Madison, Suite 4600
                  Chicago, IL 60602

                                      /s/ Ryan M. Kaiser
                                      Ryan M. Kaiser
                                      AMIN TALATI & UPADHYE, LLC
                                      55 W. Monroe St., Suite 3400
                                      Chicago, Illinois 60603
                                      Telephone: (312) 784-1065
                                      E-mail: rakesh@amintalati.com
                                      E-mail: ryan@amintalati.com
                                      E-mail: jonathan@amintalati.com